UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN D. CLARK,<br><br>    Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA and MINNEHAHA COUNTY,<br><br>    Defendants. | 4:15-CV-04132-KES<br><br><br>ORDER DISMISSING COMPLAINT |

**INTRODUCTION**

Plaintiff, Jonathan D. Clark, filed this lawsuit pursuant to 42 U.S.C. § 1983, naming the State of South Dakota and Minnehaha County as defendants. Clark is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. The court has "screened" this case pursuant to 28 U.S.C. § 1915 and dismisses it for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii).

**FACTUAL BACKGROUND**

On August 5, 2014, Clark pleaded guilty to Failure to Provide Notice of a New Address and was sentenced to five years imprisonment. Docket 5 at 12. In a separate, pending matter, Clark brought claims against the prosecutor and judge from his criminal trial as well as claims against a police officer and corrections officer. *See Clark v. Gross*, 4:15-cv-04068-KES, Docket 1. Following Magistrate Judge Veronica Duffy's recommendation, the district court

dismissed the claims against the prosecutor and judge because they were immune from suit but allowed the claims against the police officer and corrections officer to proceed. *Clark v. Gross*, 4:15-cv-04068-KES, Docket 18. Clark now files this complaint against different plaintiffs: the State of South Dakota and the County of Minnehaha. Docket 1 at 4.

In Count I of his complaint, Clark claims that the State of South Dakota violated his rights because he was sentenced illegally by the state court. Docket 1 at 4. He claims that he served his sentence, but is being held illegally past his parole date. *Id.* In Count II, Clark claims that his right of access to the courts is being violated by Minnehaha County. *Id.* at 5. To cure the illegal sentence he was given, he sent letters to the judge, state's attorney, and court clerk in Minnehaha County, but has not received a satisfactory answer. *Id.* He claims that if his sentence was corrected he would be released. *Id.*

Clark claims that he has been injured because of his confinement. *Id.* at 4. He is stressed, has high blood pressure, cannot sleep, and is being kept from his family. *Id.* As relief, Clark demands $3,420,000. This represents relief for the injuries he suffered from every day he was incarcerated illegally and emotional distress. *Id.* at 7. For the following reasons, Clark's complaint is dismissed under 28 U.S.C. § 1915 because it fails to state a claim on which relief can be granted.

**LEGAL STANDARD**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995).

Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Bell Atlantic* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *see also Abdullah v. Minnesota,* 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts which state a claim as a matter of law, and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se

3

plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* It is with these standards in mind that Clark's complaint is carefully considered.

## DISCUSSION

Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States. *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004). Section 1983 requires a claimant to identify the particular right that has been violated. *Id.* If the claimant fails to allege a violation of a right secured under the Constitution or laws of the United States, he has not stated a claim upon which relief may be granted under Section 1983. *Isakson v. First Nat'l Bank in Sioux Falls*, 990 F.2d 1098, 1098 (8th Cir. 1993). Liberally construed, Clark's complaint alleges claims for illegal sentencing and violation of his right of access to the courts.

### A. Count I – Illegal Sentencing

Clark claims that the State of South Dakota violated his rights by sentencing him illegally, and he seeks monetary relief as a remedy. Count I only names the State of South Dakota as a party defendant. "The sovereign immunity enjoyed by states and recognized in the Eleventh Amendment bars private parties from bringing actions for damages against unconsenting states in federal courts." *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (citing *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999)). The Supreme Court has ruled that § 1983 does not abrogate a

state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). South Dakota is immune from the relief claimed by Clark.

Even if South Dakota was not immune, Clark's illegal sentencing claim would fail. The United States Supreme Court has held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' " *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). "[A] prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Id.* at 81. Vindication of Clark's illegal sentence claim would necessarily imply the unlawfulness of his sentence. Therefore, he cannot use § 1983 to bring this claim and fails to state a claim on which relief may be granted. For these reasons, and pursuant to § 1915(e)(2)(B)(ii) and (iii), Count I of Clark's complaint is dismissed.

### B. Count II – Access to Courts

Clark claims that Minnehaha County denied him access to the courts. A county may be liable for violation of constitutional rights if the violation was caused by its customs or policies. *Crawford v. Van Buren Cty., Ark.*, 678 F.3d 666, 669 (8th Cir. 2012) (quoting *Rynders v. Williams*, 650 F.3d 1188, 1195 (8th Cir. 2011)).

Prisoners are constitutionally guaranteed the right of access to the courts. *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). For prisoners, this access consists of "the capability to bring 'actions seeking new trials, release from confinement, or vindication of fundamental civil rights.' " *Id.* at 680

5

(quoting *Bounds v. Smith*, 430 U.S. 817, 827 (1977)). In order to show a violation, a prisoner "must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.* But Clark has not alleged that he is being denied access to the courts. In fact, documents he supplied to this court show that his habeas petition is pending in state court, and he is represented by counsel. Docket 6 at 1. Delay alone does not constitute a violation of his right to access the courts. Because Clark fails to state a claim on which relief may be granted, the claim is dismissed.

### C. Plaintiff's Filing Fees

Both the legislative history and the case law interpreting the Prison Litigation Reform Act (PLRA) instruct that unsuccessful prison litigants, like any other litigants, do not receive their filing fees back if their cases are dismissed. The fact that Clark's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed as frivolous. *Anderson v. Sundquist,* 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998). One of the purposes of the Prison Litigation Reform Act is to

6

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make: Is the lawsuit worth the price?

*Roller v. Gunn,* 107 F.3d 227, 231 (4th Cir. 1997) (quoting 141 Cong. Rec. at S7526 (May 25, 1995)); *see also In re Tyler,* 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Clark remains responsible for the balance of the $350.00 filing fee.

Clark is advised that the dismissal of this lawsuit will be considered his first "strike" for purposes of the Prison Litigation Reform Act.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## CONCLUSION

Clark alleges that he was illegally sentenced and denied access to the courts. His complaint seeks monetary relief against a defendant who is immune from such relief and fails to state a claim on which relief may be granted.

7

It is ORDERED that Plaintiff's Complaint (Doc. 1) is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), and 1915A(b)(1) and that Clark remains responsible for the balance of the $350.00 filing fee.

Dated September 11, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE